**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CRIMINAL NO. 00-30001-01-GPM |
| | ) |
| **KERRY HOLMES,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Kerry Holmes seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the United States Sentencing Guidelines (Doc. 37). The Court appointed counsel to represent Holmes on this issue, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). *See Anders v. California*, 386 U.S. 738, 744 (1967). Holmes did not respond to the motion to withdraw, even though he was given an opportunity to do so.

The Court notes that Holmes was released from custody earlier this year; his term of supervised released started on April 30, 2009. Less than one month later, on May 22, 2009, the Government filed a petition to revoke his supervised release (*see* Doc. 41). That matter is set for a hearing before the undersigned on June 22, 2009 (*see* Doc. 45). Thus, the pending motion for a reduction in sentence is moot, because Holmes has already served his original prison sentence. *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied sub nom McKnight v. United*

*States*, 129 S.Ct. 1924 (2009).[1]

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 40) and **DISMISSES** the motion for a sentence reduction (Doc. 37) as moot.

Because Holmes has been released from the custody of the Bureau of Prisons, has not provided the Court with a new address, and is now in the custody of the United States Marshals Service pending a hearing on a petition to revoke his supervised release, his counsel shall provide a copy of this Memorandum and Order to Holmes. It is not necessary for the Clerk to mail a copy to Holmes at his last known address of record.

**IT IS SO ORDERED.**

DATED: 6/15/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

[1] Even before the motion became moot, the Court lacked jurisdiction to grant a reduction pursuant to 18 U.S.C. § 3582(c)(2). Holmes cannot satisfy the first criterion of that statute because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Holmes, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.